## PRATT v. STUART.

Upon a review of the evidence in this cause, the court held that the verdict of the jury was sanctioned by the evidence.

Error to the Circuit Court of Marion county.

*Opinion of the Court, delivered by Tompkins, Judge.*

Stuart sued Pratt in assumpsit. Pratt pleaded non-assumpsit and set-off. Judgment was given for Stuart on both pleas, the jury having found for him.

Pratt admitted himself to be indebted to the plaintiff in the amount of the finding of the jury, but, contended that he was entitled to a set-off, of as much or more for services performed for plaintiff as editor of a newspaper. He produced witnesses who proved that he was several

years editor of the plaintiff's paper, and they stated that <span style="float:right">AUG.   TERM</span> in their opinion his services were worth one hundred and <span style="float:right">1842.</span> fifty or two hundred dollars per year.

<span style="float:right">Pratt v. Stuart.</span>

A witness, produced by the plaintiff below, defendant here, states that he advised Pratt, who was his brother-in-law, to undertake the duties of editor of said paper; that he engaged in those duties in the fall of 1833, and continued till January, 1836, when the witness and defendant purchased one half of the paper; that he thought the occupation would be advantageous to Pratt, by introducing him to public notice; that the profits of the paper were not more than sufficient to support the proprietor; that it was not agreed or understood that he was to have any compensation; that the proprietor could not afford to pay any thing; that while Pratt was editing the paper, he was practising law, acting as clerk for the receiver of public moneys and farming. The jury finding as above mentioned against the defendant on his plea of set-off, he moved for a new trial, because the finding was contrary to evidence, and because he had discovered new evidence.

This new evidence is, that sometime before Pratt and Wright, as aforesaid, purchased an interest in this newspaper, Stuart, the defendant, had offered to one Quintin Thornton about two hundred dollars a year to edit the same paper. The evidence was given to the jury without any instructions from the court, none being prayed for, and none being thought necessary by the court. The defendant, then, had no right to complain of the finding, as evidence was given from which the jury might well find against him on his plea of set-off; and it might well be that Stuart would be willing to pay Thornton, for editing the paper, two hundred dollars per year, rather than have Pratt for nothing; it being in evidence that Pratt was engaged in much other business, and paid very little attention to the duties of editor.

Upon a review of the evidence in this cause, the circuit court held that the verdict of the jury was sustained by the evidence.

Evidence, then, that Stuart offered Thornton two hundred dollars per year, is not necessarily evidence that Pratt

45

Aug.    Term.
    1842.

deserved to have any compensation in money, having obtained all perhaps that he at first aspired to, that is, extensive acquaintance and character in society as a man of business habits.

The judgment of the circuit court will be affirmed.